UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

EILEEN THOMPSON,

          Plaintiff

v.

WIND RIVER ENVIRONMENTAL, LLC

          Defendant

CIVIL ACTION NO.:

## COMPLAINT AND JURY DEMAND

## I.     INTRODUCTION

Plaintiff Eileen Thompson ("Ms. Thompson" or "Plaintiff") brings this action for damages against Wind River Environmental, LLC ("Company," "WRE," or "Defendant") asserting claims for failure to pay wages and overtime along with claims for retaliation and wrongful termination of her employment in relation to complaints about her unpaid commissions.

## II.     JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims arising under federal law.

2.     In addition, this Court has pendent jurisdiction over Plaintiff's claims arising under Massachusetts law.

3.     This Court has personal jurisdiction over the parties because the Company is a foreign limited liability company organized and existing under the laws of Delaware and, during all relevant times hereto, operated throughout Massachusetts with a principal office in Middlesex County.

4.      In addition, Plaintiff is an adult resident of the Commonwealth of Massachusetts.

5.      Further, the Company employed Plaintiff during all relevant times hereto.

6.      The venue of this action is proper in the Eastern Division of the District of Massachusetts because this is where Defendant operates.

7.      Venue is also proper because all the wrongful acts complained of against Defendant occurred in Middlesex County.

### III.      THE PARTIES

8.      Ms. Thompson is a former employee of the Company and may be contacted through the undersigned counsel.

9.      WRE is a foreign limited liability company organized and existing under the laws of Delaware with a principal office at 46 Lizotte Drive, Suite 1000, Marlborough, MA 01752.

10.      The Company conducts business in Middlesex County and throughout the Commonwealth.

### IV.      STATEMENT OF FACTS

11.      On or about February 5, 2018, Ms. Thompson began working for the Company as a temporary employee.

12.      As a temporary employee, Ms. Thompson was paid on an hourly basis.

13.      Ms. Thompson began working for the Company as a full-time employee on or about April 27, 2018.

14.      Though Ms. Thompson transitioned from a temporary employee to full-time employee, her duties with the Company remained the same.

15.      However, while her duties did not change, the company began paying her on a

salary basis.

16.    Ms. Thompson worked as a Coordinator for Chain Sales throughout the entirety of her employment.

17.    The Company is in the business of providing grease, septic, and drain services.

18.    The Company agreed that Ms. Thompson would be paid for her work.

19.    This included Ms. Thompson being paid her ordinary wages and additional commissions based on the Quarterly Chain Sales Support Bonus Plan for improvement in current revenue of named accounts over the prior year's revenue.

20.    Ms. Thompson performed account management of and sales to commercial accounts from the Company's offices in Marlborough, MA, where she performed all her other job duties.

21.    Ms. Thompson regularly worked over 40 hours in a work week.

22.    However, the Company failed to pay Ms. Thompson for any of her hours worked over 40 at 1.5 times her regular rate of pay.

23.    Furthermore, Ms. Thompson was not compensated for all commissions earned and due to her.

24.    In or around the second quarter of 2019, the Company told Ms. Thompson there would be a change in commission structure.

25.    Ms. Thompson did not sign a document accepting the change in commission structure.

26.    Ms. Thompson did not orally agree to accept the change in commission structure.

27.    In addition, Ms. Thompson raised concerns to the Company regarding the changed commission structure, as Ms. Thompson believed the new structure would result in

loss of money already earned by Ms. Thompson.

28.     The Company indicated it would review the commissions owed to Ms. Thompson for sales she completed for the 2nd quarter in 2019 and provide an explanation based on the new commission structure.

29.     The Company, however, never provided an explanation regarding Ms. Thompson's 2nd quarter commissions based on the updated commission structure.

30.     The Company terminated Ms. Thompson's employment on September 13, 2019.

31.     At the time of her termination, Ms. Thompson asked the Company if her termination was based on performance.

32.     The Company indicated that Ms. Thompson's termination was not based on her performance.

33.     At this time, Ms. Thompson does not have access to the information and records necessary to determine the exact value of wages and benefits she should have received as an employee of the Company but did not.

34.     However, Ms. Thompson estimates that the Company significantly shorted her wages.

35.     Defendant intentionally deprived Ms. Thompson of her wages and overtime through the Company's workplace practices and/or policies.

36.     On or about November 08, 2019, Ms. Thompson filed a Non-Payment of Wage and Workplace Complaint Form with the Massachusetts Attorney General's Office so that the Attorney General's Office may investigate and/or prosecute Defendant's violations of Massachusetts wage and hour laws.

37.     A copy of Ms. Thompson's private right of action letter from the Massachusetts

Attorney General's Office is attached hereto as Exhibit 1.

38.     All procedural prerequisites have been met or waived with regard to the claims being brought herein.

## V.     LEGAL CLAIMS
### COUNT I – OVERTIME VIOLATIONS
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. §207 *et seq.*)

39.     Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

40.     The Company employed Plaintiff for work weeks longer than forty hours.

41.     During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Ms. Thompson at a rate equal to at least one and a half of her regular rate for hours in excess of forty per week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq.

42.     Defendant committed these violations knowingly, willingly, and repeatedly.

43.     Ms. Thompson has suffered damages due to Defendant's actions.

### COUNT II – OVERTIME VIOLATIONS
### (Mass. Gen. Laws, c. 151, § 1A *et seq.*)

44.     Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

45.     The Company employed Plaintiff for work weeks longer than forty hours.

46.     During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Ms. Thompson at a rate equal to at least one and a half of her regular rate for hours in excess of forty per week as required by Mass. Gen. Laws, c. 151 § 1A et seq.

47.     Defendant committed these violations knowingly, willingly, and repeatedly.

48.     Ms. Thompson has suffered damages due to Defendant's actions.

## COUNT III – FAILURE TO PAY WAGES
### (Mass. Gen. Laws, c. 149, §§ 148 and 150)

49.    Plaintiff re-alleges the factual allegations in the paragraph above as if repeated herein.

50.    The Company failed to pay Ms. Thompson for all the commissions for which she was entitled during her employment with the Company in violation of Mass. Gen. Laws, c. 149 §§ 148 and 150.

51.    Defendant committed these violations knowingly, willingly, and repeatedly.

52.    Ms. Thompson has suffered damages due to Defendant's actions.

## COUNT IV – RETALIATION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3))

53.    Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

54.    29 U.S.C. § 215(a)(3) makes it unlawful for an employer to take an adverse employment action against an employee on the basis of the employee complaining about wages.

55.    Ms. Thompson sought to enforce her rights by alerting the Company that she was not properly paid for all her wages and/or commissions.

56.    Thereafter, the Company retaliated against her by terminating her employment.

57.    These actions were committed knowingly and willfully.

58.    As a result of Defendant's retaliatory conduct, Ms. Thompson has suffered damages.

## COUNT V – RETALIATION
### (Mass. Gen. Laws, c. 149 § 148A)

59.    Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated

**Complaint and Jury Demand - Page 6**

herein.

60.      Mass. Gen. Laws. c. 149 § 148A provides that "[n]o employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the wage and hours provisions of this chapter."

61.      Ms. Thompson sought to enforce her rights alerting the Company that she was not properly paid for all her wages and/or commissions.

62.      Thereafter, the Company retaliated against her by terminating her employment.

63.      These actions were committed knowingly and willfully.

64.      As a result of Defendant's retaliatory conduct, Ms. Thompson has suffered damages.

## COUNT VI – BREACH OF CONTRACT

65.      Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

66.      The Company agreed that Ms. Thompson would be paid for her services.

67.      This included being paid for her regular rate wages, overtime, and commissions earned and due.

68.      Ms. Thompson performed her obligations under the parties' agreement.

69.      The Company breached its contract with Ms. Thompson by not paying her the full amount owed to her under the parties' agreement.

70.      Ms. Thompson has suffered damages due to the Company's breach of contract.

## COUNT VII -BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

71.      Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated

herein.

72.     The Company agreed that Ms. Thompson would be paid for her services.

73.     This included being paid for her regular rate wages, overtime, and commissions earned and due.

74.     Ms. Thompson performed her obligations under the parties' agreement.

75.     The Company did not pay Ms. Thompson the full amount owed to her under the parties' agreement.

76.     Every Massachusetts contract implies a covenant of good faith and fair dealing between the parties to it.

77.     The Company breached the implied covenant of good faith and fair dealing by taking actions to destroy or injure Ms. Thompson's rights to the fruits of her agreement with the Company.

78.     The Company further breached the implied covenant of good faith and fair dealing by, among other things, knowingly failing to pay Ms. Thompson the full amount for all her services rendered.

79.     Ms. Thompson has suffered damages as a result of the Company's failure to allow Ms. Thompson to reap the full benefits of her contract with the Company.

## COUNT VIII – UNJUST ENRICHMENT

80.     Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

81.     During her employment with the Company, the Plaintiff conferred numerous benefits and services upon Defendant for which she was not properly compensated.

82.     These services include, but are not limited to, the time Ms. Thompson spent working for the Company for which she was not paid overtime, and commissions earned and due from financial revenue targets being met or exceeded by Ms. Thompson.

83.     Defendant was aware of and appreciated said benefits.

84.     Acceptance or retention by Defendant of the benefits under the circumstances would be inequitable without payment for their value.

85.     As direct result of the unjust enrichment by the Defendant as described herein, Plaintiff has suffered damages.

## VI.     PRAYERS FOR RELIEF

WHEREFORE, Ms. Thompson requests the following relief:

A.  Judgment against Defendant for the injuries caused by Defendant as described above;

B.  For treble damages and statutory enhancement of damages as provided by applicable Massachusetts and federal law;

C.  For attorneys' fees, interest and costs; and

D.  Such other and further relief as this Court deems appropriate.

## VII.     JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: December 13, 2019

Respectfully submitted,
Eileen Thompson
By and through her attorneys,

*/s/ Herling Romero*
Shehzad S. Rajwani (BBO # 674442)
Herling Romero (BBO # 703870)
THE HARBOR LAW GROUP
300 West Main Street, Bldg. A, Unit 1
Northborough, MA 01532
(508) 393-9244 – Phone
(508) 393-9245 – Fax
srajwani@harborlaw.com
hromero@harborlaw.com